493 P.2d 1005

**Charles T. LOVEJOY and Myrtle Lovejoy, Plaintiffs and Appellants,**

**v.**

**JOHNSON MOTOR COMPANY, Inc., a Utah corporation, Defendant and Respondent.**

**No. 12437.**

Supreme Court of Utah.

Feb. 7, 1972.

Lee W. Hobbs, Salt Lake City, for plaintiffs-appellants.

Donald Sawaya, Salt Lake City, for defendant-respondent.

TUCKETT, Justice:

The plaintiffs filed these proceedings in the court below seeking to recover from the defendant the sum of $3,872.94 which was the total of 34 installment payments provided for in an automobile purchase contract. From an adverse decision in the court below, the plaintiffs have appealed to this court.

On August 20, 1966, the plaintiffs purchased an automobile from the defendant and at that time the plaintiffs executed an automobile purchase agreement wherein they agreed to pay for the automobile in 36 monthly payments. In connection with the transaction, the plaintiffs applied for life and disability insurance covering the plaintiff Charles T. Lovejoy. The cost of the insurance was added to the installment payments provided for in the contract. At the time of the transaction, Charles T. Lovejoy was suffering from a chronic organic brain syndrome which had progressively impaired his health for a considerable period.

The plaintiffs by their complaint claim the defendant had agreed to procure insurance which would protect against the risk of Charles T. Lovejoy becoming so disabled as to make it impossible for the plaintiffs to make the payments. Approximately 60 days after the transaction Charles T. Lovejoy did become disabled and was prevented from carrying on his usual employment. Claim was made by the plaintiffs to the insurance company but the claim was rejected.

At the commencement of the trial in the court below, the plaintiffs moved and they were permitted to amend their complaint by adding to paragraph 2 thereof the following allegation:

That such purchase was made in reliance on the representation by the defendant that such insurance will cover any disability or incapacity of the plaintiff, Charles T. Lovejoy, without any qualification or limitation.

The trial proceeded upon the issues raised by the complaint and the general denial of the defendant. There was a conflict in the evidence as to the conversation between Myrtle Lovejoy and the defendant's salesman as to the risks covered by the policy of insurance applied for by the plaintiffs. The plaintiff Charles T. Lovejoy took no part in the conversation. There is a dispute in the record as to whether or not the salesman was aware of the condition of Mr. Lovejoy and whether or not the nature and extent of his disability was made known to the salesman.

While there is some indication in the record that the defendant did in fact procure insurance for the plaintiff, the record does not reveal the terms, conditions, or the extent of the coverage of the policy. It would thus appear that the plaintiffs failed to establish that the defendant breached its contract by failing to obtain insurance covering the risks discussed by the plaintiffs and the defendant's salesman at the time the automobile purchase contract was entered into. The fact that the insurance company rejected the claim of the plaintiffs is not conclusive.

The trial court having found upon disputed and conflicting evidence that the plaintiffs had failed to prove a breach of

contract or made a representation on which the plaintiffs were entitled to rely, we must conclude that under long established rules of appellate review we must affirm that decision. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.